# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

DANIEL B. DIAMOND,

                Plaintiff,

        v.

ALASKA NATIVE TRIBAL HEALTH
CONSORTIUM, *et al.*,

              Defendants.

Case No. 3:20-cv-000317-SLG-MMS

## **SECOND ORDER DIRECTING SERVICE AND RESPONSE**

Self-represented litigant Daniel B. Diamond commenced this action on December 31, 2020, by filing a civil complaint and cover sheet. The Court issued an order notifying Mr. Diamond that his action was deficient, because it lacked either the filing fee or an application to waive prepayment of fees and costs. On January 28, 2021, Mr. Diamond filed an Application to Proceed in District Court without Prepaying Fees or Costs. The Complaint was screened according to 28 U.S.C. § 1915(e)(2)(B),[1] and the Court issued an Order Directing Service and Response.[2]

---

[1] *See, e.g., Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (extending screening requirements to self-represented litigants seeking to proceed *in forma pauperis*).

[2] Docket 5.

After service on Defendants,[3] Mr. Diamond attempted to amend his Complaint by motion.[4]  The Court denied the motion but gave guidance and leave to amend.[5]  On August 12, Mr. Diamond filed his Second Amended Complaint with a Motion for Late Filing.[6]  In the motion at Docket 23, Mr. Diamond requests the Court accept his Second Amended Complaint past the Court's deadline, because he has been bed ridden for several weeks.

**IT IS THEREFORE ORDERED:**

1. The Motion for Late Filing, at Docket 23, is **GRANTED**.  The Defendants have neither appeared nor answered, and the Court finds no prejudice to Defendants to accept the amended pleadings.  The Court cautions Mr. Diamond in any future use of motions requesting late filings.  In the future, Mr. Diamond should proactively request an extension for more time, prior to the expiration of the deadline.

2. The entry at Docket 22 shall be amended to reflect that this is Mr. Diamond's Second Amended Complaint.

3. Mr. Diamond shall proceed with the steps outlined in this order to ensure that service of process on each of the defendants is completed no later than

---

[3] Dockets 14 & 18.

[4] Dockets 19.

[5] Docket 20.

[6] Dockets 22 & 23.

Case No. 3:20-cv-00317-SLG, *Diamond v. Alaska Native Tribal Health Consortium, et al.*
Second Order Directing Service and Response
Page 2 of 9

**ninety (90) days from the date of this order**.[7]  This means that no later than 90 days from the date of this order, Mr. Diamond must complete initial service of the Second Amended Complaint and Summons on each of the defendants.  All service shall be made in a manner authorized by Rule 4 of the Federal Rules of Civil Procedure.  Because this is an amended pleading, the Court encourages Mr. Diamond to make haste in his service of Defendants, so they may appear and answer the correct pleadings.

4. Mr. Diamond shall be mailed two summons forms, as well as two U.S. Marshals Service Process Receipt and Return forms (USM-285).

5. To complete each summons form properly, Mr. Diamond must include all of the following on the form:[8]

    a. At the top each form, above "SUMMONS IN A CIVIL ACTION," enter the information as found on the first page of this order:

        i. the name of the Court (at the very top middle of the page, after "United States District Court for the District of Alaska"); and

        ii. the parties' complete full names (above Plaintiff(s) v. Defendant(s), respectively); and

        iii. the case number, after "Civil Action No."

---

[7] *See* Fed. R. Civ. P. 4(m).

[8] *See* Fed. R. Civ. P. 4(a).

b. As to who the summons is "To," Mr. Diamond should complete one summons for each defendant. Mr. Diamond should write the full name and mailing address for each defendant, if known.

c. After the paragraph ending, "The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are" on the summons form, enter the name and the address of the address at which any answer or motion should be served on Mr. Diamond. If Mr. Diamond retains an attorney, that attorney's name and address information should be entered here. If Mr. Diamond continues to be self-represented, then his mailing address should be entered.

d. To complete each USM-285 form properly, Mr. Diamond must include all of the following:

    i. <u>the parties' complete full names</u> (below Plaintiff(s) v. Defendant(s), respectively);

    ii. <u>the case number</u>, after "Court Case Number";

    iii. <u>the defendant's full name and address</u>, in the "Serve At" section;

    iv. <u>his address</u>, in the Send Notice of Service Copy section;

    v. <u>number of process to be served</u> (will be 1 per form) and <u>number of parties of parties in this case</u> (total of defendants named);

Case No. 3:20-cv-00317-SLG, *Diamond v. Alaska Native Tribal Health Consortium, et al.*
Second Order Directing Service and Response
Page 4 of 9

Case 3:20-cv-00317-SLG-MMS   Document 24   Filed 08/26/21   Page 4 of 9

> vi.  <u>his signature as the plaintiff, along with his phone number, and</u>
>       <u>the date</u>.

e. After Mr. Diamond completes the required forms, he should mail to the court the following: (1) each of the completed summons forms; (2) each of the U.S. Marshal's Service of Process Receipt and Return (USM-285) forms; (3) two copies of the Second Amended Complaint; and (4) two copies of this order to the following address:

U.S. District Court<br>
222 West 7th Avenue, #4<br>
Anchorage, Alaska 99513

If the summons forms have been completed in the proper form, they will then be issued by the Clerk of Court for service.

f. After issuing the summons, the Clerk of Court must send the completed summons forms, completed USM-285 forms, the required copies of the Second Amended Complaint, and copies of this Order to:

United States Marshal Service<br>
222 West 7th Avenue, Box 28<br>
Anchorage, Alaska 99513

The U.S. Marshal shall then take all reasonable steps to promptly effect service in this case.[9]

---

[9] Fed. R. Civ. P. 4(c)(3) (providing "the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915[.]").

Case No. 3:20-cv-00317-SLG, *Diamond v. Alaska Native Tribal Health Consortium, et al.*
Second Order Directing Service and Response
Page 5 of 9

Case 3:20-cv-00317-SLG-MMS   Document 24   Filed 08/26/21   Page 5 of 9

6. After each of the defendants have been served the U.S. Marshals must provide the Court with proof of service by submitting an affidavit.[10] The requirements of service are not completed until the proof of service has been submitted to the Court within ninety (90) days of this Order.

7. At all times, Mr. Diamond shall keep the Court informed of any change of address. Such notice shall be titled "Notice of Change of Address."[11] The notice shall contain only information about the change of address, and its effective date. The notice shall not include requests for any other relief. Failure to file the notice may result in the dismissal of the action for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.

8. After service of the summons and Second Amended Complaint, all future papers sent to the Court must be identified with the name of the Court, the case number, the name of the Plaintiff, the name of the first defendant, and the title of the document, as illustrated on the first page of this order.[12]

---

[10] Fed. R. Civ. P. Rule 4(l)(1).

[11] *See* Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number."). A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed.

[12] *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties.").

Case No. 3:20-cv-00317-SLG, *Diamond v. Alaska Native Tribal Health Consortium, et al.*
Second Order Directing Service and Response
Page 6 of 9

9. After a defendant has filed an entry of appearance in this case, Mr. Diamond shall serve a copy of any future filings submitted to the Court upon each such defendant, or, if an attorney has appeared for a defendant, on that defendant's attorney(s).[13] Mr. Diamond shall include, with any original paper filed with the Court, a certificate stating the date that an exact copy of the document was mailed to each of the defendant or defendant's counsel. A Certificate of Service may be written in the following form at the end of the document:

> I hereby certify that a copy of the above <u>(name of document)</u> was mailed, first class, U.S. mail, to <u>(name of opposing party or counsel)</u> at <u>(address)</u> on <u>(date of delivery for mailing to correctional officer)</u>.
>
> <u>(Signature)</u>

Any paper received by a District Court Judge or Magistrate Judge that does not include a Certificate of Service indicating that each defendant was served with a copy of that document will be disregarded by the Court.

10. Each litigant is responsible for keeping a copy of each document filed with the Court. When a self-represented litigant sends a document to the Court, the litigant receives a Notice of Electronic Filing ("NEF") from the Court that states when that document was filed on the docket and the docket number of the document. Copies of documents that have been filed with the Court may be obtained from the Clerk's Office for $0.50 per page. In the event of

---

[13] *See* Fed. R. Civ. P. 5.

special circumstances or serious financial need, a party may file a motion asking for the cost of copies to be waived or reduced.

11. No party shall have any *ex parte* communication with a District Court Judge or Magistrate Judge of this Court about the merits of this action. This means that parties cannot communicate with any judge without the presence and/or knowledge and consent of the other parties. For example, Mr. Diamond shall not write letters to, or call, a judge directly. Any request for action by the Court regarding these proceedings must be filed with the Clerk of Court as a motion.

12. A motion should contain the information identified in the caption of this Order and should be titled "Motion for (add the relief requested)." In a motion, a party should state specifically and concisely what he or she wants, so that the Court understands what the party is requesting. This Court's Local Civil Rule 7.4 requires that each motion be filed with a proposed order that the Court can issue, if the motion is granted. The proposed order helps to clarify what the moving party is asking the Court to do.

13. All documents filed with the Clerk of Court must contain an original signature, and must be mailed to the Court at the following address:

U.S. District Court
222 West 7th Avenue, #4
Anchorage, Alaska 99513

Case No. 3:20-cv-00317-SLG, *Diamond v. Alaska Native Tribal Health Consortium, et al.*
Second Order Directing Service and Response
Page 8 of 9
Case 3:20-cv-00317-SLG-MMS   Document 24   Filed 08/26/21   Page 8 of 9

14. Mr. Diamond shall be sent the following: (1) three copies of this order; (2) three copies of the Second Amended Complaint; (3) two AO 440 summons forms; and (4) two Form USM-285.

DATED this 26th day of August, 2021 at Anchorage, Alaska.

*/s/ Matthew M. Scoble*
UNITED STATES MAGISTRATE JUDGE

Case No. 3:20-cv-00317-SLG, *Diamond v. Alaska Native Tribal Health Consortium, et al.*
Second Order Directing Service and Response
Page 9 of 9

Case 3:20-cv-00317-SLG-MMS   Document 24   Filed 08/26/21   Page 9 of 9