IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DANIEL B. DIAMOND,<br><br>        Plaintiff,<br><br>    v.<br><br>ALASKA NATIVE TRIBAL HEALTH CONSORTIUM, et al.,<br><br>        Defendants. | Case No. 3:20-cv-00317-SLG-KFR |

**FINDINGS AND RECOMMENDATIONS**

The Court recommends dismissal without prejudice of Plaintiff's Second Amended Complaint. Despite being given clear instructions, and multiple opportunities, Plaintiff has failed to effect proper service in this matter and has not demonstrated good cause for this failing. In addition, Plaintiff has failed to properly prosecute this matter or comply with the Court's instructions regarding proper service. Plaintiff's failure to comply with the Federal Rules of Civil Procedure warrants dismissal without prejudice of this matter.

**I. Procedural History**

Daniel B. Diamond, a self-represented litigant (hereinafter "Plaintiff"), filed this action December 31, 2020 (hereinafter "Complaint").[1] The Court issued an order notifying Plaintiff that his action was deficient because it lacked either the filing fee or an application to waive prepayment of fees and costs.[2] On January 28, 2021, Plaintiff filed an Application to Proceed in District Court without Prepaying Fees or Costs.[3] The Court screened the Complaint according to 28 U.S.C. §

---

[1] Docket 1.
[2] Docket 3.
[3] Docket 4.

1915(e)(2)(B)[4] and issued an Order Directing Service and Response.[5]

After service on Defendants Alaska Native Tribal Health Consortium (hereinafter "ANTHC") and the United States Department of Health and Human Services (hereinafter "HHS"),[6] Plaintiff attempted to amend his Complaint by motion.[7] The Court denied the motion but gave guidance and leave to amend.[8] On August 12, 2021, Plaintiff filed his Second Amended Complaint with a Motion for Late Filing.[9] The Court granted Plaintiff's motion, accepted the Second Amended Complaint, and issued a Second Order Directing Service and Response.[8] The United States Marshals Service filed Process Receipts and Returns after serving the Second Amended Complaint on Defendants ANTHC and HHS.[9] There is no record that Plaintiff properly served the United States Attorney General or the United States Attorney's Office for the District of Alaska.

On December 7, 2021, Plaintiff filed a Motion for Default Judgment.[10] The Government responded in opposition arguing that the Complaint had not been properly served on the United States Attorney General and the United States Attorney's Office for the District of Alaska pursuant to Federal Rule of Civil Procedure Rule 4(i), which governs serving the United States and its agencies, corporations, officers, or employees.[11] The United States sought dismissal of the Second Amended Complaint because service was incomplete and untimely.[12]

On January 13, 2022, the Court issued a Third Order Directing Service and

---

[4] *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (extending screening requirements to self-represented litigants seeking to proceed *in forma pauperis*).
[5] Docket 5.
[6] Dockets 14 & 18.
[7] Docket 19.
[8] Docket 20.
[9] Dockets 26 & 27.
[10] Docket 29.
[11] Docket 30. The United States' opposition refers to "the Complaint." Pursuant to Local Rule 15.1 which states that amended complaints replace a previously filed complaint in its entirety, the Court interpreted the Plaintiff's motion and United States opposition as applying to the Second Amended Complaint.
[12] Docket 30.

Final R&R on Notice of Intent to Dismiss
*Dimond v. ANTHC, et al.*
3:20-cv-00317-SLG-KFR
2

Response explaining the requirements of completing service on all unserved Defendants - the United States Attorney General and the United States Attorney's Office for the District of Alaska - in order to fully and properly complete service.[13] On June 1, 2022, the Court issued an Order Regarding Notice of Intent to Dismiss warning Plaintiff that service must be completed in accordance with Rule 4 of Federal Civil Procedure; and if not done so by August 29, 2022, this action would be dismissed without further notice.[14]

## II. Analysis

### a. Plaintiff Has Failed to Properly Complete Service.

Plaintiff's Second Amended Complaint makes clear that this is an action pursuant to the Federal Tort Claims Act (FTCA). The United States is the sole proper defendant for an FTCA claim.[15] As explained in the Court's Third Order Directing Service and Response, this requires proper service upon the United States and its agencies, corporations, officers, or employees, in accordance with Rule 4(i) of Federal Civil Procedure.[16]

Plaintiff must follow the Federal Rules of Civil Procedure and the Local Civil Rules for the District of Alaska to complete proper service. Under the Federal Rules,

> [i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service or order that service be made within a specified time."[17]

If the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.[18] At a minimum, "'good cause' means excusable neglect."[19] To determine whether a plaintiff demonstrates excusable

---

[13] Docket 31.
[14] Docket 32.
[15] *Lance v. U.S.*, 70 F.3d 1093, 1095 (9th Cir. 1995).
[16] Docket 31.
[17] Fed. R. Civ. P. 4(m).
[18] *Crowley v. Bannister*, 734 F.3d 967, 976 (9th Cir. 2013).
[19] *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001).

Final R&R on Notice of Intent to Dismiss
*Dimond v. ANTHC, et al.*
3:20-cv-00317-SLG-KFR
3
Case 3:20-cv-00317-SLG-KFR   Document 34   Filed 10/14/22   Page 3 of 6

neglect, courts use the *Pioneer–Briones* test:

> [T]he determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings, (3) the reason for the delay; and (4) whether the movant acted in good faith.[20]

Here, Plaintiff has failed to make any effort to show good cause or excusable neglect. An analysis of the *Pioneer–Briones* test demonstrates that all but the last factor weigh in favor of finding against excusable neglect.

1. <u>Danger of Prejudice to Unserved Defendant</u>: Defendants, if eventually served, will be required to respond to a complaint concerning issues that allegedly occurred over four years ago. While this prejudice is limited to the extent that service could promptly be completed, there is no reason to anticipate service in the future. This is particularly so given Plaintiff's failure to demonstrate a desire to proceed with the litigation.
2. <u>Length of Delay and Impact</u>: Over three months have passed since service was returned unexecuted.
3. <u>Reason for Delay</u>: The reason for the delay appears to be the fact that Plaintiff is deceased.[21] In the event this is not the case, it appears as if Plaintiff or his successors in interest are unable or unwilling to continue the prosecution of this case.
4. <u>Good Faith</u>: There are no facts to suggest Plaintiff has acted in bad faith.

Plaintiff was required to have completed service on or before April 13, 2022.[22] Despite being given notice, additional time, and a warning that Plaintiff's case may be dismissed, Plaintiff failed to file any proofs of service by the extended deadline of August 29, 2022. Furthermore, Plaintiff has failed to show good cause

---

[20] *Bateman v. U.S. Postal Service,* 231 F.3d 1220, 1223–1224 (9th Cir. 2000).
[21] Docket 33. The Court attempted to deliver a copy of its order at Docket 32 on or about June 2, 2022. The Postal Service returned this mailing to the Court on June 8, 2022, stamped "Return to Sender, Deceased, Unable to Forward."
[22] Docket 31.

Final R&R on Notice of Intent to Dismiss 4
*Dimond v. ANTHC, et al.*
3:20-cv-00317-SLG-KFR

Case 3:20-cv-00317-SLG-KFR   Document 34   Filed 10/14/22   Page 4 of 6

or excusable neglect to justify another extension of time to complete service on Defendants. Accordingly, dismissal of this action for failure to complete proper service is appropriate.

### b. Plaintiff Has Failed to Prosecute this Matter.

Additionally, Federal Rule of Civil Procedure 41(b) permits dismissal due to a plaintiff's failure to prosecute or comply with a court order. In deciding whether to dismiss for failure to prosecute or comply with court orders, a district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."[23] All of the factors weigh in favor of dismissal.

An expeditious resolution cannot be reached without service and the Court must manage its docket to facilitate resolutions in all of the cases before it. Further, the extended delay - without any justification from Plaintiff - creates a presumption of prejudice to Defendants.[24] A dismissal at this stage, without prejudice, permits the future opportunity for resolution on the merits. Lastly, the Court gave extensive guidance, additional time, and a warning about the failure to serve. The Court cannot move the case toward disposition without Plaintiff's compliance with Court orders or participation in this litigation. The Court finds that no lesser sanction would be satisfactory or effective to promote resolution.

/ / /

---

[23] *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).
[24] *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

Final R&R on Notice of Intent to Dismiss
*Dimond v. ANTHC, et al.*
3:20-cv-00317-SLG-KFR
5

Case 3:20-cv-00317-SLG-KFR   Document 34   Filed 10/14/22   Page 5 of 6

## III. Conclusion

IT IS RECOMMENDED that this case be **DISMISSED WITHOUT PREJUDICE** for failure to serve pursuant to Federal Rule of Civil Procedure 4(m), and failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

DATED this 13th of October 2022, at Anchorage, Alaska.

<u>s/ Kyle F. Reardon</u><br>
KYLE F. REARDON<br>
United States Magistrate Judge<br>
District of Alaska

## NOTICE OF RIGHT TO OBJECT

Under 28 U.S.C. § 636(b)(1), a district court may designate a magistrate judge to hear and determine matters pending before the Court. For dispositive matters, a magistrate judge reports findings of fact and provides recommendations to the presiding district court judge.[25] A district court judge may accept, reject, or modify, in whole or in part, the magistrate judge's order.[26]

A party may file written objections to the magistrate judge's order within 14 fourteen days.[27] Objections and responses are limited to five (5) pages in length and should not merely reargue positions previously presented. Rather, objections and responses should specifically identify the findings or recommendations objected to, the basis of the objection, and any legal authority in support. Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the district court's judgment.[28]

---

[25] 28 U.S.C. § 636(b)(1)(B).
[26] 28 U.S.C. § 636(b)(1)(C).
[27] *Id.*
[28] *See Hilliard v. Kincheloe*, 796 F.2d 308 (9th Cir. 1986).

Final R&R on Notice of Intent to Dismiss  6
*Dimond v. ANTHC, et al.*
3:20-cv-00317-SLG-KFR

Case 3:20-cv-00317-SLG-KFR   Document 34   Filed 10/14/22   Page 6 of 6